IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

HAWAII FOREST & TRIAL LTD.,                )        CIV. NO. 07-00538 HG-BMK
                                           )
          Plaintiff,                       )
                                           )
     vs.                                   )
                                           )
TOM DAVEY; DAVEY COACH SALES               )
INCORPORATED; FORD MOTOR                   )
COMPANY; KLAM AMERICA; PENNTEX             )
INDUSTRIES, INC.; TURTLE TOP,              )
                                           )
          Defendants.                      )
                                           )
                                           )
_____)

**ORDER DENYING DEFENDANT KLAM AMERICA'S MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION**

     Plaintiff Hawaii Forest & Trial, Ltd. has brought this case
to recover damages arising out of its purchase of allegedly
defective custom made vehicles for use in its eco-tourism
business on the Island of Hawaii.  Defendant Klam America, an out
of state company, installed the retarders in the custom made
vehicles.  Defendant Klam America has moved to dismiss all claims
against it for lack of personal jurisdiction, arguing that it has
insufficient contacts with the State of Hawaii.

     The Court finds that when Defendant Klam installed the
retarders in the custom made vehicles, it knew Plaintiff had
purchased the vehicles for use in Hawaii.  Such purposeful
availment, where the harm alleged arises out of Klam's forum

1

activities, is sufficient for the exercise of specific jurisdiction over Defendant Klam.  For the reasons set forth below, Defendant Klam's motion to dismiss for lack of personal jurisdiction is **DENIED**.

## PROCEDURAL HISTORY

On January 24, 2008, Defendant Klam America ("Klam") filed a Motion to Dismiss for Lack of Personal Jurisdiction.  (Doc. 29, "Motion".)

On February 28, 2008, Plaintiff Hawaii Forest & Trail, Ltd. ("Plaintiff") filed an Opposition.  (Doc. 38, "Opposition".)

Defendants Ford Motor Company, Tom Davey, and Davey Coach Sales Inc. have filed statements of no position.  (Docs. 33, 37.)

On March 6, 2008, Klam filed a Reply.  (Doc. 40, "Reply".)

On March 28, 2008, this matter came on for hearing.  The Court orally denied Defendant's Motion to Dismiss for Lack of Personal Jurisdiction with a written order to follow.

## BACKGROUND

Plaintiff is Hawaii corporation which operates an eco-tourism business on the Island of Hawaii.  (First Amended Compl. at ¶ 10.) Defendant Klam is a Nevada corporation with its principal place of business in Colorado.  (Motion at Declaration of Clay Pierce at ¶ 2.)  Plaintiff's business requires heavy duty, all-terrain vehicles.  (Amended Compl. at ¶ 10.)  Plaintiff alleges that on or about January 2006, Defendant Tom Davey made

2

an unsolicited sales call to Plaintiff's office in Kailua-Kona, Hawaii. (Id. at ¶ 11.)  The purpose of the sales call was to sell Plaintiff heavy duty all-terrain vehicles specifically designed for use in the Plaintiff's eco-tourism business. According to Plaintiff, Defendant Davey represented that Defendant Davey Coach was capable of assembling and manufacturing these vehicles from components supplied by defendants, including Klam. (Id. at ¶ 13.)  Defendant Davey and Davey Coach entered into an agreement to sell Plaintiff two Ford vehicles. (Id. at ¶ 16.)  The vehicles were manufactured by Ford and built, modified, and/or designed or assembled by Defendants Davey and Davey Coach using, assembling, or installing parts manufactured by Defendant Klam and others. (Id. at ¶ 17.)  While Plaintiff alleges that Defendants Davey and Davey Coach were representatives or agents of Defendant Klam, Defendant Klam has presented evidence that Davey and Davey Coach are not authorized dealers or agents of Klam. (Reply at Declaration of Clay Pierce at ¶ 3.)  Plaintiff has not presented any evidence to contradict this assertion.

In 2006, Davey Coach ordered two retarders from Klam to be installed onto the vehicles purchased by Plaintiff. (Motion at Pierce Decl. at ¶ 2.)  A retarder is an auxiliary braking system. (Motion at Pierce Decl. at ¶ 4.)  Klam services, installs, and repairs retarders. (Id.)  In May 2006, Davey Coach dropped off the two vehicles at Klam's facility in Denver, Colorado. (Id. at

¶ 4.)   Klam installed the retarders and tested the vehicles.
(Id.)  On May 26, 2006, Davey Coach picked up the vehicles from
Klam's facility in Denver, Colorado.  (Id.)

On or about July 7, 2006, Plaintiff received delivery of the
two vehicles. (Amended Compl. at ¶ 18.)  Plaintiff alleges that
both vehicles exhibited a number of manufacturing defects which
kept them out of service for months. (Id. at ¶¶ 20-23.)  The
Complaint alleges that the negative supply wiring was undersized
for the amount of current supplied by the alternator and that the
amp was undersized for the application. (Id. at ¶ 30.)  The
Complaint also alleges that the manufacturers knew, or should
have known, that the vehicles' alternators were undersized for
the functions required by the equipment installed on the vehicle.
(Id. at ¶ 65.)  In Plaintiff's opposition it provided the Court
with exhibits alleged to show that Klam knew, or should have
known, that at the time it installed the retarders there would be
insufficient amperage capability in the vehicles' electrical
system to operate the retarders without exceeding the
alternators' capacity. (Pl. Opp. at Exh. A.)  Plaintiff alleges
that the alternator failed in both vehicles and the retarder,
installed by Klam, failed in one of the vehicles. (Amended
Compl. at ¶ 34.)  The Complaint alleges that expert opinion lays
the blame for the vehicles' breakdowns on flaws in the electrical
systems. (Id. at 30.)

## STANDARD OF REVIEW

The Court may dismiss a complaint as a matter of law
pursuant to Fed.R.Civ.P., Rule 12(b)(6) where it fails "to state
a claim upon which relief can be granted."  Rule 8(a)(2) of the
Fed.R.Civ.P. requires "a short and plain statement of the claim
showing that the pleader is entitled to relief."  This complaint
must "give the defendant fair notice of what the . . . claim is
and the grounds upon which it rests."  Conley v. Gibson, 355 U.S.
41, 47 (1957); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a
well-pleaded complaint may proceed even if it appears "that
recovery is very remote and unlikely"); Kimes v. Stone, 84 F.3d
1121, 1129 (9th Cir. 1996)("[a]ll that is required is that the
complaint gives 'the defendant fair notice of what the
plaintiff's claim is and the ground upon which it rests.'")
(quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870
(9th Cir. 1991)).

In evaluating a complaint when considering a Fed. R. Civ. P.
12(b)(6) motion to dismiss, the Court must presume all factual
allegations of material fact to be true and draw all reasonable
inferences in favor of the non-moving party.  Roe v. City of San
Diego, 356 F.3d 1108, 1111-12 (9th Cir. 2004); Pareto v.
F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Scheuer v. Rhodes,
416 U.S. 232, 236 (1974) (the complaint must be liberally
construed, giving the plaintiff the benefit of all proper

5

inferences).

Conclusory allegations of law and unwarranted inferences, though, are insufficient to defeat a motion to dismiss. Pareto, 139 F.3d at 699; In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert denied, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

In Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), the United States Supreme Court recently addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. Numerous federal courts have considered Twombly's effect on the federal pleading standard, namely whether Twombly established a blanket heightened pleading standard for all cases. The Court agrees with those courts that have held it does not.

A few weeks after Twombly, the Supreme Court decided Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). In Erickson, a prisoner civil rights case, the Court reiterated that Federal

Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Recently, the Ninth Circuit Court of Appeals in <u>Skaff v. Meridien North America Beverly Hills, LLC</u>, 506 F.3d 832 (9th Cir. 2007) applied <u>Erickson</u> in the Americans with Disabilities Act context, and reaffirmed the applicability of Rule 8's fair notice pleading standard.  The Ninth Circuit clarified that Rule 8's fair notice pleading standard, as opposed to a heightened pleading standard, applies unless there is an explicit requirement in a statute or federal rule.  <u>Id.</u> at 840-41 ("[T]he Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule.") (<u>citing</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (rejecting heightened pleading standard for Title VII employment discrimination suits); <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164, (1993) (rejecting heightened pleading standard for § 1983 suits asserting municipal liability); <u>see</u> <u>Bell Atl. Corp. v. Twombly</u>, ---U.S. ----, 127 S.Ct. 1955, 1973 n. 14, (2007); <u>cf</u>. Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, § 101(b), 109 Stat. 737, 747 (imposing heightened pleading standard for securities fraud class actions) (codified at 15 U.S.C. §

78u-4(b)(1)-(2)); Fed.R.Civ.P. 9(b) (imposing heightened pleading standard for complaints of fraud or mistake)).

## ANALYSIS

### A.   Personal Jurisdiction

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  See Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  Id.; Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995) ("we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction").

Although the plaintiff cannot "simply rest on the bare allegations of its complaint," Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (quoting Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir. 1977)), uncontroverted allegations in the complaint must be taken as true.  Id. (citing AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)).  Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.  Id.; see Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)

("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.").

Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  <u>See</u> Fed. R. Civ. P. 4(k)(1)(A); <u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1320 (9th Cir. 1998).  Because Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.  <u>See</u> <u>Cowan v. First Ins. Co.</u>, 608 P.2d 394 (Haw. 1980).

Questions of personal jurisdiction must be decided on a case-by-case basis.  <u>See</u> <u>Pacific Atlantic Trading Co., Inc. v. M/V Main Exp.</u>, 758 F.2d 1325, 1327-28 (9th Cir. 1985).  Defendant must have sufficient minimum contacts with Hawaii such that the exercise of jurisdiction by this forum does not violate traditional notions of fair play and substantial justice.  <u>See</u> <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945). Because the State of Hawaii has a statute, Haw. Rev. Stat. § 634-35, conferring jurisdiction over non-residents, adopted to expand jurisdiction to the maximum degree permitted under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the jurisdictional analysis under state and federal

9

law merge. Due process is satisfied if there is either "general" or "specific" jurisdiction over the Defendant.  See Sher, 911 F.2d at 1361.

## 1.   General Jurisdiction

"General" jurisdiction requires "substantial" or "continuous and systematic" contacts with the forum.  See Sher, 911 F.2d at 1361; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).  The Plaintiff does not argue that the Court has general jurisdiction over Klam and based on the facts before it, the Court finds that it does not.

## 2.   Specific Jurisdiction

In analyzing specific jurisdiction, the court should look at the nature and quality of the defendant's contacts.  See Peterson v. Kennedy, 771 F.2d 1244, 1261 (9th Cir. 1985).  The Ninth Circuit Court of Appeals has adopted a three-prong test for analyzing "specific" jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with
> fair play and substantial justice, i.e. it must be
> reasonable.

<u>Schwarzenegger</u>, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test.   <u>Id.</u> (citing <u>Sher</u>, 911 F.2d at 1361). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.   If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. <u>Id.</u> (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476-78 (1985)).

### a.   *Defendant Has Purposefully Availed Itself of the Forum*

To be subject to specific jurisdiction, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Burger King Corp.</u>, 471 U.S. at 475 (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)).   "Purposeful availment" requires that the defendant "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." <u>Sher</u>, 911 F.2d at 1362 (quoting <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d 1191, 1195 (9th Cir. 1988).

11

"The requirement of 'purposeful availment' is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the burden of litigating in that state as well." Brainerd v. Governors of the University of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989).

In Calder v. Jones, 465 U.S. 783 (1984), the Supreme Court adopted a three-part "effects test" for the purposeful availment prong.  The defendant must have:

(1)  committed an intentional act;

(2)  which was expressly aimed at the forum state; and

(3)  caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state.

Calder, 465 U.S. at 789.

This test is satisfied if "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."  Bancroft & Masters, Inc., 223 F.3d at 1087.

We must examine the concept of a stream of commerce case, the analysis of which falls under the oft-cited United States Supreme Court case, Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102 (1987), and its progeny.   Recently, the Ninth

Circuit Court of Appeals, in <u>Holland America Line, Inc. v.</u>
<u>Wartsila North America, Inc.</u>, 485 F.3d 450, 459 (9th Cir. 2007),
reiterated that "[t]he placement of a product into the stream of
commerce, without more, is not an act directed at the forum
state." (citing <u>Asahi Metal Indus. Co.</u>, 480 U.S. at 112).  Mere
awareness that the stream of commerce may sweep the product into
the forum state is also insufficient to constitute purposeful
availment.  <u>Id.</u>  The question before the Court in this case is
whether Klam did something "more" than place its product into the
stream of commerce with the awareness that it may end up in
Hawaii, and the Court concludes that the answer is yes.

In this case, Klam installed retarders in two custom built
vehicles it knew had been purchased by Plaintiff, a Hawaii
company, for use in Hawaii.  The price quote, dated January 27,
2006, provided by Klam to Davey Coach makes clear reference to
the fact that the retarders were to be used in vehicles being
custom built for "Hawaii Forest and Trial".  (Reply at Exh. D.)
Klam has purposefully availed itself of this forum by installing
retarders in custom built vehicles which it knew were to be used
in Hawaii, and the alleged malfunctioning of which caused harm in
this state.  The facts here show that Klam, by installing its
product on custom made vehicles purchased by a Hawaii company for
use in Hawaii, did something more than merely placing its product
into the stream of commerce.  Klam not only expected, but knew

13

that its product would end up in Hawaii.  See World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980) ("The forum
state does not exceed its powers under the Due Process Clause if
it asserts personal jurisdiction over a corporation that delivers
its products into the stream of commerce with the expectation
that they will be purchased by consumers in the forum State").
Plaintiff has satisfied the first prong of the test.

> **b.**   ***Plaintiff's Claim Arises Out of Klam's Forum***
>          ***Activity***

Klam's forum activity was the installation of the retarders
in vehicles which it knew Plaintiff had purchased for use in
Hawaii.  Plaintiff's claim arises out of the alleged
manufacturing defects in the vehicles' electrical systems which
involved the installation of the retarders by Klam.  Because
Plaintiff's claim arises out of Defendant's activity aimed at use
in the forum, Plaintiff has satisfied the second prong of the
test.

> **c.**   ***Exercise of Jurisdiction Over Klam is Reasonable***

An unreasonable exercise of jurisdiction violates the Due
Process Clause even if the "purposeful availment" and "arising
out of" requirements of the specific jurisdiction test are
satisfied.  See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir.
1995).  Because Plaintiff has satisfied the first two
requirements, Klam has the burden of proof as to the issue of

reasonableness and must "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"  Ballard, 65 F.3d at 1500 (quoting Burger King, 471 U.S. at 477).

In examining the reasonableness of jurisdiction over Klam in Hawaii, the Court considers such factors as:

(1)  the extent of defendant's purposeful interjection into the forum state;

(2)  the burden on the defendant in defending in the forum;

(3)  the importance of the forum to the plaintiff's interest in convenient and effective relief;

(4)  the most efficient forum for judicial resolution of the dispute;

(5)  the forum state's interest in adjudicating the dispute;

(6)  the extent of the conflict with the sovereignty of the defendant's state; and

(7)  the existence of an alternative forum.

See Sher, 911 F.2d at 1364; Bancroft & Masters, Inc., 223 F.3d at 1088.   No one factor is dispositive; they must be balanced.   See Mattel, Inc. v. Greiner & Hauswer GmBh, 354 F.3d 857, 866-67 (9th Cir. 2003).

Klam has not presented a compelling reason why jurisdiction

15

should not attach.  The balance of the factors weigh in favor of exercising jurisdiction over Klam.

In the tort context, the Ninth Circuit Court of Appeals imposes three requirements for purposeful availment.  The defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Lique Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006).  Klam purposefully directed its activities toward Hawaii by installing its retarders in vehicles which it knew had been sold to Plaintiff for use in Hawaii.  See Dinnerman v. Douter Coffee Co., Ltd., 2007 WL 1701919, at *4 (D. Haw. 2007) ("In examining the purposeful availment requirement, this court analyzes whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. . . . [T]he defendant need not have been physically present or have had physical contact with the forum state, so long as the defendant's efforts were 'purposefully directed' toward a forum resident.") (citations and quotations omitted).

Although there is some burden on Klam in litigating in Hawaii it is not so great as to constitute a due process violation.  Modern developments in communication and transportation have reduced the burden of litigating in another

16

state.

Hawaii has a strong interest in adjudicating this dispute because Plaintiff is Hawaii corporation and the vehicles were sold to Plaintiff for use in its eco-tourism business operating in Hawaii.  See <u>Miracle v. N.Y.P. Holdings, Inc.</u>, 87 F.Supp.2d 1060, 1070 (D. Haw. 2000) (Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously injured.").  Klam has not presented any evidence of a conflict between Hawaii and Colorado law.  In light of Hawaii's strong interest in adjudicating this dispute, the lack of evidence of conflicting law weighs slightly in favor of jurisdiction.  See <u>United Kingdom Mut. S.S. Assurance Ass'n v. Cont'l Maritime of San Francisco, Inc.</u>, 1992 W.L. 486937, at *5 (N.D.Cal. Aug. 31, 1992) (because there was no conflict between Canadian law and U.S. law, this factor weighed in favor of the exercise of specific jurisdiction).  Plaintiff's interest in convenient and effective relief also weighs in favor of adjudication of this dispute in Hawaii.

Consideration of whether the forum provides efficient judicial resolution of the controversy focuses on the location of the evidence and the witnesses.  This factor "is no longer weighed heavily given the modern advances in communication and transportation" and is neutral in this case.  <u>Panavision Int'l, L.P.</u>, 141 F.3d at 1323-24.   Finally, the Court considers whether

17

alternative forums exist.  It is the Plaintiff's burden to prove the unavailability of an alternative forum.  <u>Id.</u> at 1324.  As Plaintiff concedes, alternative forums, other than Hawaii, do exist.  This factor weighs in favor of Klam.

Overall, the balance of these factors weighs in favor of exercising jurisdiction over Klam.  Klam has not presented a compelling case that the exercise of jurisdiction over it would be unreasonable.

<strong><u>CONCLUSION</u></strong>

For the reasons set forth above, Defendant Klam America's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 29) is **DENIED**.

IT IS SO ORDERED.

DATED: May 5, 2008, Honolulu, Hawaii.



       /s/ Helen Gillmor
       Chief United States District Judge

---

<u>Hawaii Forest & Trial, Ltd. v. Tom Davey, et al.</u>; Civ. No. 07-00538 HG-BMK; **ORDER DENYING DEFENDANT KLAM AMERICA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**