```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| HAWAII FOREST & TRAIL LTD., | CIV. NO. 07-00538 HG-BMK |
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM** |
| TOM DAVEY; DAVEY COACH SALES INCORPORATED; FORD MOTOR COMPANY; KLAM AMERICA; PENNTEX INDUSTRIES, INC.; TURTLE TOP; DOE DEFENDANTS 1-20, | |
| Defendants. | |
| TOM DAVEY; DAVEY COACH SALES INCORPORATED, | |
| Counterclaimants, | |
| vs. | |
| HAWAII FOREST & TRAIL LTD., | |
| Counterclaim Defendant. | |

**ORDER DENYING DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM**

Hawaii Forest & Trail, Ltd. ("Hawaii Forest") sues to recover damages arising out of its purchase of two allegedly defective custom-made vehicles for use in its eco-tourism business on the Island of Hawaii. Tom Davey ("Davey") and Davey Coach Sales, Inc. ("Davey Coach") subsequently filed a Counterclaim against Hawaii Forest in order to recover all

1

attorney's fees and costs incurred in the litigation of this lawsuit. The Counterclaim relies upon language contained in the two separate Buyer's Orders that were entered into between Hawaii Forest and Davey Coach in February 2006. Both of the Buyer's Orders contain an identical arbitration clause, which includes a provision that the buyer will pay the seller's attorney fees and costs. Davey and Davey Coach now move for Summary Judgment against Hawaii Forest on the Counterclaim.

The Court finds, as a matter of law, that the provision awarding attorney's fees and costs cannot be construed as applicable regardless of the merits of Hawaii Forest's claims. At this time, the Court cannot determine which parties, if any, should be awarded attorney's fees and costs without first reaching the merits of Hawaii Forest's claims. Defendants/ Counterclaimants' Motion for Summary Judgment on Counterclaim is **DENIED**.

## PROCEDURAL HISTORY

On November 26, 2007, Hawaii Forest & Trail, Ltd. ("Hawaii Forest") filed an Amended Complaint against Defendants Tom Davey ("Davey"), Davey Coach Sales, Inc. ("Davey Coach"), Ford Motor Company ("Ford"), KLAM America ("Klam"), Pennetex Industries, Inc. ("Pennetex"), and Turtle Top, Inc. ("Turtle Top"). (Doc. 13, "Amended Complaint".)

On May 5, 2008, the Court issued an Order Denying Defendant Klam America's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 53, "May 5, 2008 Order".) The Court found that Klam purposefully availed itself of the privilege of conducting activities within the State of Hawaii, and Hawaii Forest's alleged injuries could be found to have arisen out of this activity. The Court held that this was sufficient in order to exercise specific jurisdiction over Klam in this lawsuit.

On August 26, 2008, Davey and Davey Coach filed a Counterclaim against Hawaii Forest. (Doc. 95, "Counterclaim".)

On September 4, 2008, Hawaii Forest filed an Answer to the Counterclaim. (Doc. 97, "Answer".)

On October 30, 2008, Davey and Davey Coach filed a Motion for Summary Judgment on Counterclaim (Doc. 107, "Motion"), along with a Concise Statement of Material Facts (Doc. 108, "Concise Statement").

On November 26, 2008, Hawaii Forest filed an Opposition to the Motion. (Doc. 113, "Opposition".) No Concise Statement of Material Facts was filed by Hawaii Forest.

On December 4, 2008, Davey and Davey Coach filed a Reply to the Opposition. (Doc. 114, "Reply".)

The hearing on Davey and Davey Coach's Motion was held on December 15, 2008.

**BACKGROUND**

Hawaii Forest & Trail, Ltd. ("Hawaii Forest") is a Hawaii corporation which operates an eco-tourism business on the Island of Hawaii. (Am. Compl. at ¶ 10.) Hawaii Forest's business requires heavy duty, all-terrain vehicles capable of carrying touring passengers. (Id.) Hawaii Forest alleges that in or about January 2006, Tom Davey ("Davey") made an unsolicited sales call to Hawaii Forest's office in Kailua-Kona, Hawaii. (Id. at ¶ 11.)[1] The purported purpose of the sales call was to sell Hawaii Forest all-terrain vehicles specifically designed for use in the company's eco-tourism business. According to Hawaii Forest, Davey represented that Davey Coach Sales, Inc. ("Davey Coach") was fully capable of assembling and manufacturing the vehicles to Hawaii Forest's specifications. (Id. at ¶ 13.)

Davey and Davey Coach subsequently agreed to sell Hawaii Forest two vehicles. (Id. at ¶ 16.) The vehicles were to be manufactured by Defendant Ford Motor Company ("Ford") and "built, modified, and/or designed or assembled" by Davey and Davey Coach, "using, assembling, or installing parts" manufactured by Defendants KLAM America ("Klam"), Pennetex Industries, Inc. ("Pennetex"), and Turtle Top, Inc. ("Turtle

---

[1] Defendants/Counterclaimants Tom Davey and Davey Coach Sales, Inc., specifically dispute Paragraph 11 of the Amended Complaint. Defendants/Counterclaimants' Reply alleges that they were approached by Hawaii Trails regarding the acquisition and modification of two vehicles. (Reply at 2.)

Top"). (Id. at ¶ 17.)

On February 2, 2006, Hawaii Forest, through its Vice-President, Cynthia B. Pacheco, executed two separate Buyer's Orders with Davey Coach for the purchase of the two vehicles. (Counterclaim at ¶¶ 4-5; Concise Statement at Exs. 1-2.) Both of the Buyer's Orders contain an identical binding arbitration clause[2], which includes the following provision: "In the event of any action or arbitration arising out of or related to this transaction, Buyer shall pay Seller's attorney fees and costs." (Counterclaim at ¶ 6; Concise Statement at Exs. 1-2.)

On or about July 7, 2006, Hawaii Forest received the two vehicles; both vehicles were put into service four days later. (Am. Compl. at ¶ 18.) According to Hawaii Forest, both

---

[2]   The full text of the binding arbitration clause reads: "ARBITRATION. Buyer agrees that in lieu of litigation in any court, all disputes resulting from or arising out of this state, in contract or in tort, without limitation, shall be submitted to binding arbitration, pursuant to the provisions of the commercial rules of the American Arbitration Assoc. then existing in the county where this sale is made, except that the arbitrator impaneled to arbitrate this matter shall be selected by the parties to this agreement from lists of suitable arbitrators supplied by the American Arbitration Assoc. The arbitration filing fees and costs of the proceeding shall be taxed against the losing party. In the event of any action or arbitration arising out of or related to this transaction, Buyer shall pay Seller's attorney fees and costs."

At the hearing on December 15, 2008, the Court required the parties to address the issue of binding arbitration. The parties have until January 15, 2009, to file position statements with the Court regarding arbitration. (Doc. 116, December 15, 2008 Minute Order.)

5

vehicles exhibited a number of manufacturing defects which kept them out of service for weeks at a time. (Id. at ¶¶ 20-23.) Hawaii Forest further alleges that Davey, Davey Coach, Ford, Klam, Pennetex, and Turtle Top knew, or should have known, that the two vehicles would fail to fulfill their intended purpose and function as agreed upon by the parties. (Id. at ¶ 65.)

On November 26, 2007, Hawaii Forest filed an Amended Complaint in this Court against Davey, Davey Coach, Ford, Klam, Pennetex, and Turtle Top, alleging, among other things, fraud, intentional and/or negligent misrepresentation, breach of contract, unfair and deceptive practices, and conversion. (Doc. 13.) On August 26, 2008, Davey and Davey Coach filed a Counterclaim against Hawaii Forest for the recovery of all attorney's fees and costs incurred in the litigation of this lawsuit. (Doc. 95.) Davey and Davey Coach now move for Summary Judgment against Hawaii Forest on the Counterclaim. (Doc. 107.)

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir.

1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met simply by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable,

or is not significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed.R.Civ.P. 56(c); <u>Celotex</u>, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed.R.Civ.P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed.R.Civ.P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994). Nor can the opposing party rest on conclusory statements. <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

Tom Davey ("Davey") and Davey Coach Sales, Inc. ("Davey Coach") move for Summary Judgment on their Counterclaim against Hawaii Forest & Trail, Ltd. ("Hawaii Forest") in order to recover their attorney's fees and costs incurred in the litigation of this lawsuit. The Counterclaim relies upon the language contained in the two separate Buyer's Orders that were entered into between

Davey Coach and Hawaii Forest on February 2, 2006. Both Buyer's Orders contain an arbitration clause, which includes the following provision: "In the event of any action or arbitration arising out of or related to this transaction, Buyer shall pay Seller's attorney fees and costs." (Counterclaim at ¶ 6; Concise Statement at Exs. 1-2.)

A federal court exercising diversity jurisdiction must apply the forum state's choice-of-law principles to determine the body of substantive law that applies to its interpretation of a contract. Welles v. Turner Entm't Co., 503 F.3d 728, 738 (9th Cir. 2007). Under Hawaii law, "a choice of law provision provided in a contract between the parties will generally be upheld." Del Monte Fresh Produce, Inc. v. Fireman's Fund Ins. Co., 117 Haw. 357, 364 (2007). No choice of law provision was included in the two Buyer's Orders that were entered into by Hawaii Forest and Davey Coach. (Concise Statement at Exs. 1-2.)

Where no choice of law provision is included in the contract, the Court must look "to the state with the most significant relationship to the parties and subject matter." Mikelson v. United Servs. Auto. Ass'n, 107 Haw. 192, 198 (2005); Monte Fresh Produce, 117 Haw. at 364. The Court finds that Hawaii law should apply because the State of Hawaii has the greatest relationship to the parties and subject matter in the lawsuit. Plaintiff/Counterclaim Defendant Hawaii Forest is a corporation based in the State of Hawaii, and the two vehicles at issue in

9

this litigation were delivered and used in the State of Hawaii. (Am. Compl. at ¶¶ 1, 18.) In addition, federal courts generally apply the forum state's law in deciding whether to award attorney's fees and costs. Ahring v. Truck Ins. Exchange, 1992 U.S. App. LEXIS 28002, at *1 (9th Cir. 1992); Montserrat Overseas Holdings, S.A. v. Larsen, 709 F.2d 22, 24 (9th Cir. 1983); Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir. 1983).

     Hawaii statutes that provide for attorney's fees and costs award the money to the prevailing party in litigation. For example, H.R.S. § 607-14 states that in all actions involving a "contract in writing that provides for an attorney's fee," the attorney's fee will "be paid by the losing party." Under this statute, "contractual fee provisions are automatically a loser-pays two-way street." Hoopai v. Countrywide Home Loans, Inc., 369 B.R. 506, 510 (9th Cir. 2007). In addition, H.R.S. § 481A-4(b) provides that "the court may award attorneys' fees to the prevailing party" in cases involving deceptive trade practices. Count III of Hawaii Forest's Amended Complaint alleges deceptive trade practices. (Am. Compl. at ¶¶ 55-59.) As evidenced by these statutes, public policy in the State of Hawaii generally disfavors a court awarding attorney fees and costs to the losing party.

     The Hawaii Supreme Court has stated that when a contract provision seeks to indemnify a party against its own wrongdoing, the provision must be strictly construed. Kamali v.

Hawaiian Electric Co., 54 Haw. 153, 161-162 (1972); Keawe v. Hawaiian Electric Co., 65 Haw. 232, 237 (1982). In order to enforce the provision, however, it must state the indemnitor's responsibility in "clear and unequivocal" terms. Keawe, 65 Haw. at 237. The provision must contain enough specificity as to ensure that the indemnitor is "fully cognizant of the extraordinary risks that [the indemnitor is] assuming." Servco Pacific, Inc. v. Dods, 193 F.Supp.2d 1183, 1193 (D. Haw. 2002) (quoting Fina, Inc. v. ARCO, 200 F.3d 266, 273 (5th Cir. 2000)). In reading the contact, the Court will interpret any ambiguities "most strongly against the party who has drafted the language." Amfac, Inc. v. Waikiki Beachcomber Investment Co., 74 Haw. 84, 100 n. 5 (1992).

As a matter of law the provision in the arbitration clause in the parties' contracts regarding the payment of attorney's fees and costs cannot be interpreted to allow strict indemnification of Defendants/Counterclaimants. State of Hawaii public policy does not support an award of attorney's fees and costs to the non-prevailing party. Hoopai, 369 B.R. at 510; see also H.R.S. §§ 481A-4(b) and 607-14.

The provision in the arbitration clause here contains general language regarding the payment of Davey Coach's attorney's fees and costs. The provision is insufficiently explicit to have placed Hawaii Forest on notice that the company would be liable for such payment if Defendants/Counterclaimants

are found by the Court to have committed deliberate wrongdoing, such as fraud or intentional misrepresentation. See Am. Compl. at ¶¶ 41-49; see also Servco Pacific, 193 F.Supp.2d at 1193. The provision lacks the specificity necessary to have made Hawaii Forest "fully cognizant" of the obligation it was taking on. Id. at 1193-1994.

In contrast, in cases where the Court has enforced a contract requiring indemnification of a party's own negligence, the contract included specific language that explicitly placed all parties on notice of the terms of the indemnity. See, e.g., Kole v. Amfac, Inc., 665 F.Supp. 1460, 1462 (D. Haw. 1987) (condominium developer indemnified golf course owner from "all risk associated with [the location of the condominiums], including but not limited to the risk of property damage or personal injury arising from stray golf balls."). Such specificity cannot be found in the short contracts at issue in this action. (Concise Statement at Exs. 1-2.)

At this time, the Court cannot determine whether Defendants/Counterclaimants should be awarded attorney's fees and costs pursuant to the indemnification provision within the arbitration clause. The Court must first reach the merits of Hawaii Forest's claims before it can address the issue of the parties' attorney's fees and costs. For this reason the Court does not address Hawaii Forest's argument that the Buyer's Orders entered into by the parties are invalid if

Defendants/Counterclaimants are found to have committed fraud.

## CONCLUSION

Defendants/ Counterclaimants' Motion for Summary Judgment on Counterclaim is **DENIED**.

IT IS SO ORDERED.
DATED: January 7, 2009, Honolulu, Hawaii.



　　　　　　　　　　　　　　 /s/ **Helen Gillmor**　　　　　　　　
　　　　　　　　　　　　　　Chief United States District Judge

_____
Hawaii Forest & Trial, Ltd. v. Tom Davey, et al.; Civ. No. 07-00538 HG-BMK; **ORDER DENYING DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM**