IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII FOREST & TRIAL, LTD, ) | Civ. No. 07-00538 BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING |
| ) | DEFENDANTS TOM DAVEY |
| vs. ) | AND DAVEY COACH SALES |
| ) | INC.'S MOTION FOR SUMMARY |
| TOM DAVEY, et al., ) | JUDGMENT |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| TOM DAVEY, et al., ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| HAWAII FOREST & TRIAL, LTD, ) | |
| ) | |
| Counterclaim ) | |
| Defendant. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANTS TOM DAVEY AND DAVEY COACH
SALES INC.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Hawaii Forest & Trail, Ltd. ("Hawaii Forest") sues to recover

damages arising out of its purchase of two allegedly defective custom-made tour

vans for use in its eco-tourism business on the Big Island, Hawaii.  In its First

Amended Complaint ("Complaint"), Hawaii Forest's claims are based on

Defendants Tom Davey and Davey Coach Sales, Inc.'s (collectively,

"Defendants") alleged misrepresentation of the quality of the vehicles.  However, in opposing Defendants' Motion for Summary Judgment, Hawaii Forest appears to abandon that theory of the case and shifts its focus to Defendants' alleged misrepresentation about manufacturer warranties on the vehicles.  Specifically, Hawaii Forest claims that Defendants misrepresented the vehicles would be covered by a standard Turtle Top, Inc. warranty.  Although the Complaint does not allege facts with respect to this new theory, the Court will address the merits of Hawaii Forest's arguments.  However, as detailed below, the vehicles <u>are</u> covered by the standard Turtle Top warranty (and other manufacturer warranties), and there is no dispute that Turtle Top honored the warranty claims made by Hawaii Forest.

The Court heard Defendants' Motion for Summary Judgment on September 14, 2009.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is GRANTED.

<u>FACTUAL BACKGROUND</u>

Hawaii Forest operates an eco-tourism business on the Big Island, Hawaii.  (Complaint ¶ 10.)  Hawaii Forest's business requires heavy duty, all-terrain vehicles capable of carrying passengers along rough roads.  (<u>Id.</u>)  According to Hawaii Forest, in January 2006, Davey made an unsolicited sales call

to its office.  (Id. ¶ 11.)[1]  The purported purpose of the sales call was to sell Hawaii

Forest all-terrain vehicles specifically designed for the company's eco-tourism

business.  According to Hawaii Forest, Davey represented that Davey Coach was

fully capable of assembling or manufacturing vehicles to Hawaii Forest's

specifications.  (Id. ¶ 13.)

Defendants subsequently agreed to sell Hawaii Forest two vans.  (Id.

¶ 16.)  The vehicles were to be manufactured by Ford Motor Company and "built,

modified, and/or designed or assembled" by Davey and Davey Coach, "using,

assembling, or installing parts" manufactured by Klam America ("Klam") ,

Penntex Industries, Inc., and Turtle Top.[2]  (Id. at ¶ 17.)

On February 2, 2006, Hawaii Forest, through its vice president,

Cynthia B. Pacheco, executed two Buyer's Orders with Davey Coach for the

purchase of the two vans.  (Davey Concise Statement Exs. 3-4; Cynthia Pacheco

Decl'n ¶ 1.)  The two Buyer's Orders contain identical language regarding

warranties.  The first page of each Order has a "DISCLAIMER OF

WARRANTIES" section, which states that all new vehicles, such as the two vans

---

[1] Davey and Davey Coach dispute this allegation and assert that they were instead approached by Hawaii Forest.

[2] Ford Motor Company, Klam, Penntex Industries, and Turtle Top were named Defendants in this case, but each settled Hawaii Forest's claims against them.

purchased by Hawaii Forest, are "sold without any warranty, express or implied, of merchantability or fitness by Davey Coach Sales, Inc." (Davey Concise Statement Exs. 3-4.) The second page of the Orders also has a separate "DISCLAIMER OF WARRANTIES" section, which provides: "When this Buyer's Order and Invoice involves the sale of a new vehicle, such vehicle is sold subject only to the manufacturer's new vehicle warranty which is expressly in lieu of all other warranties expressed or implied (including any implied warranty of merchantability or fitness for a particular purpose and of any other obligations or liability on the part of either the Manufacturer or Seller)." (Davey Concise Statement Exs. 3-4.)

As the Buyer's Orders made clear, the vans were "sold subject only to the manufacturer's new vehicle warranty." (Davey Concise Statement Exs. 3-4.) In addition to other manufacturer warranties on the vehicles, Turtle Top, which installed options in the vans pursuant to orders placed by Davey Coach, also warranted the vans. (Cripe Decl'n ¶ 3.) Turtle Top's "standard warranty is for 3 years or 36,000 miles, whichever occurs first." (Id. ¶ 11; Hawaii Forest Concise Statement Ex. 1.) This standard warranty excludes coverage for, among other things, "[d]efects in the products that have been repaired, altered or modified without our approval." (Hawaii Forest Concise Statement Ex. 1.) In other words,

4

"[i]f modifications are made to a Turtle Top vehicle after it is shipped from the Turtle Top manufacturing facility, Turtle Top does not warrant the modification made to the vehicle unless Turtle Top was informed of and agreed to the modifications before they were performed."  (Cripe Decl'n ¶ 12.)

In July 2006, Hawaii Forest received the two vans, which were put into service a few days later.  (Complaint ¶ 18.)  According to Hawaii Forest, both vehicles exhibited a number of manufacturing defects which kept them out of service for weeks at a time.  (Id.  ¶¶ 20-23.)  Electrical problems caused the alternators to be replaced numerous times.  Hawaii Forest and Klam hired investigators to inspect the vans and both concluded that the electrical demand exceeded the capacity of the original alternators, which resulted in electrical problems.

After the alternators failed repeatedly, claims were made pursuant to Turtle Top's warranty.  (Cripe Decl'n ¶ 15.)  Turtle Top paid out over $8,000 in warranty claims before learning that the vans had been modified with the Klam braking system after they had left the Turtle Top manufacturing facility.  (Id. ¶ 17.)  Turtle Top immediately notified Davey Coach that, pursuant to its standard warranty, problems related to that modification would not be covered.  (Id. ¶ 26; Cripe Depo. at 30.)

Hawaii Forest thereafter brought suit against Davey, Davey Coach, and others, but all parties except Davey and Davey Coach entered into settlements with Hawaii Forest.  Davey and Davey Coach also filed a counterclaim against Hawaii Forest.  Thus, the only claims remaining in this case are those between Hawaii Forest, and Davey and Davey Coach.  Davey and Davey Coach now move for summary judgment on the claims asserted against them.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  See Fed. R. Civ. P. 56(c).  In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a

material issue of fact, summary judgment is improper.   See T.W. Elec. Serv., Inc.

v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

A.          Count I:  Fraud and Intentional and/or Negligent Misrepresentation

             Defendants argue that summary judgment is warranted on Count I for

fraud and intentional and/or negligent misrepresentation.  Because Count I in the

Complaint is based on Defendants' alleged representation "that the subject vehicles

were heavy-duty all-terrain vehicles custom designed for Plaintiff's eco-tourism

business and of a quality suitable for use in said business," Defendants present

evidence disputing that representation.  (Motion at 8-12.)  However, in its

opposition, Hawaii Forest appears to abandon any claim based on that

representation and instead argues that Count I is based on representations

concerning Turtle Top's warranty.  (Opp. at 5-7.)  Specifically, Hawaii Forest

contends that "Davey misrepresented that the vehicles would be warranted by

Turtle Top."  (Id. at 5.)

             In order to sustain a claim for fraud and intentional misrepresentation,

Hawaii Forest must establish the following elements:  (1) false representations

were made by Defendants; (2) with knowledge of their falsity (or without

knowledge of their truth or falsity); (3) in contemplation of Hawaii Forest's

reliance upon the false representations; and (4) Hawaii Forest did rely upon them. Ass'n of Apt. Owners of Newton Meadows v. Venture 15, Inc., 115 Haw. 232, 263, 167 P.3d 225, 256 (2007); Shoppe v. Gucci Am., Inc., 94 Haw. 368, 386, 14 P.3d 1049, 1067 (2000).  Further, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Shoppe, 14 P.3d at 1067.

In order to sustain a claim for negligent misrepresentation, Hawaii Forest must prove:  (1) false information was supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information was supplied suffered the loss; and (3) the recipient relied upon the misrepresentation.  Newton Meadows, 115 Haw. at 263, 167 P.3d at 256.

Initially, the Court notes that Count I of the Complaint does not state "with particularity" that Hawaii Forest's claim for fraud is based on representations made about the Turtle Top warranty.  Indeed, it "is insufficient to raise an issue as to fraud without supporting particulars."  Wolfer v. Mutual Life Ins. Co. of New York, 3 Haw. App. 65, 67, 641 P.2d 1349, 1351 (1982).  Although dismissal of the fraud claim would be warranted on this ground alone, the Court turns to the merits

of Count I.  See Zanakis-Pico v. Cutter Dodge, Inc., 98 Haw. 309, 323, 47 P.3d 1222, 1236 (2002).

According to Hawaii Forest, Count I is based on Defendants' representation "that the vehicles would be warranted by Turtle Top."  (Cynthia Pacheco Decl'n ¶ 4.)  The Buyer's Orders executed by Davey Coach and Cynthia Pacheco stated that the vans were sold "subject only to the manufacturer's new vehicle warranty."  (Davey Concise Statement Exs. 3-4.)  Indeed, the vehicles are subject to Turtle Top's standard warranty, which expressly excludes coverage for "[d]efects in the products that have been repaired, altered or modified without our approval."  (Hawaii Forest Concise Statement Ex. 1.)  Turtle Top's vice president, Robert Cripe, confirmed that its standard warranty contains such an exclusion. (Cripe Decl'n ¶¶ 1, 12.)  Because the Klam braking system was installed without Turtle Top's approval, problems related to that modification are excluded from coverage under Turtle Top's warranty.  (Cripe Depo. at 30.)  The exclusion is part of Turtle Top's standard warranty; that the exclusion applies to the Klam system does not suggest that Defendants misrepresented that the vans would be covered by Turtle Top's standard warranty.  (Hawaii Forest Concise Statement Ex. 1.)

Furthermore, even though the exclusion in the standard Turtle Top warranty applies to the Klam braking modifications, the installed Klam braking

9

systems are themselves covered by the Klam Warranty & Sales Conditions.

(Ludvigsen Decl'n (attached to Klam Concise Statement of Facts) ¶¶ 4-6.)  Under

that warranty, the electromagnetic braking retarders are "warranted to be free of

any defects in material and workmanship under normal use and service."  (Id. at

Ex. E.)

Finally, the Court notes that Hawaii Forest does not allege how it was

injured or damaged by the exclusion in the Turtle Top warranty.  Indeed, Turtle

Top had paid out over $8,000 in warranty claims before learning that the vehicles

were modified by Klam.  (Cripe Decl'n ¶ 17.)

In sum, the evidence shows that Defendants represented that the vans

would be subject to Turtle Top's standard warranty.  The exclusion of coverage for

modifications is expressly stated in that standard warranty.  Hawaii Forest points to

no evidence that any of Defendants' representations were false.  Absent any

evidence that Defendants made false representations or gave Hawaii Forest false

information about the warranty, summary judgment on Count I is proper.

B.        Count II:  Breach of Contract

1.        Defendant Davey

Hawaii Forest "does not object to entry of summary judgment on Count II . . . as to Mr. Davey in his personal and individual capacity." (Opp. at 8.) Summary judgment is therefore granted in Davey's favor on this claim.

       2.    Defendant Davey Coach

In Count II, Hawaii Forest asserts that Davey Coach breached the Buyer's Orders "by providing vehicles that did not conform to the requirements of the agreement." (Complaint ¶ 52.) Davey Coach argues that "there is no dispute in this case that the vehicles were specified to be, <u>inter alia</u>, 4WD E530 Ford Van Terra vehicles with V10 gas engines, Penntex 190 alternators and Klam retarders" and that the vans "fully complied with these specification[s]." (Motion at 13.) In opposition, Hawaii Forest does not dispute Davey Coach's position on that point, but instead argues that, because "the subject vehicles were not fully warranted" by Turtle Top, an issue of fact precludes summary judgment. (Opp. at 8.)

In order to establish its breach of contract claim, Hawaii Forest must show that a contract with Davey Coach existed, that Davey Coach breached it, and that Hawaii Forest suffered damages. <u>Chuck Jones & MacLaren v. Williams</u>, 101 Haw. 486, 500, 71 P.3d 437, 451 (Haw. Ct. App. 2003). No one disputes that the Buyer's Orders constitute contracts between Davey Coach and Hawaii Forest or that the contracts state that each vehicle is "subject only to the manufacturer's new

vehicle warranty," which included Turtle Top's standard warranty.  (Davey Concise Statement Exs. 3-4.)  As detailed above, the vans <u>are</u> covered by the standard Turtle Top warranty, which contains certain exclusions.  Hawaii Forest presents no evidence creating an issue of fact as to whether Davey Coach breached its agreement that the vehicles would be covered by the standard Turtle Top warranty.  Summary judgment is therefore granted in Davey Coach's favor.

C.          Count III:  Unfair and Deceptive Practices

          In Count III of the Complaint, Hawaii Forest alleges that Defendants engaged in unfair and deceptive trade practices when they "represented that the subject vehicles were heavy-duty, all-terrain vehicles that were specifically designed for use in Plaintiff's eco-tourism business, although the subject vehicles were not, in fact, of the quality represented."  (Complaint ¶ 56.)  Defendants seek summary judgment on this claim, arguing there is a lack of any evidence showing the vehicles were not of the quality represented or were otherwise inappropriate for Hawaii Forest's use.  (Motion at 13-14.)  In its opposition, Hawaii Forest does not address whether the vehicles were substandard in quality, but rather contends that Defendants created a likelihood of confusion or misunderstanding by stating that the vans would be fully warranted.  (Opp. at 9.)

Under Haw. Rev. Stat. § 481A-3(a), a person engages in a deceptive

trade practice when, in the course of the person's business or occupation, the

person:

> (7) Represents that goods or services are of a particular
> standard, quality, or grade, or that goods are of a
> particular style or model, if they are of another;
> . . . .
> (9) Advertises goods or services with intent not to sell
> them as advertised; [or]
> . . . .
> (12) Engages in any other conduct which similarly
> creates a likelihood of confusion or of a
> misunderstanding.

Haw. Rev. Stat. § 481A-3(a).

Hawaii Forest claims that Defendants created a likelihood of

confusion or misunderstanding by representing that Hawaii Forest would have a

new vehicle warranty while knowing that the Klam system would limit that

warranty.  (Opp. at 8-9.)  As discussed above, the vans are covered by the standard

Turtle Top warranty even though the limitations in that warranty apply.  Hawaii

Forest points to the declaration of Turtle Top's vice president, Robert Cripe, as

support for its allegation that Defendants knew the warranty would be limited.

(Opp. at 8.)  Nowhere in that declaration does Cripe suggest that Defendants knew

the Klam system would limit the warranty or that Defendants' representations

created a likelihood of confusion or misunderstanding.  Hawaii Forest fails to meet

13

its burden of presenting evidence showing a genuine issue of fact for trial on this

claim.  Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1048 (9th Cir. 1995).

D.            Count IV:  Breach of Express and Implied Warranties

Defendants argue they are entitled to summary judgment on Hawaii

Forest's breach of warranty claim because the Buyer's Orders clearly state that the

vehicles were sold without any express or implied warranties by Davey Coach.

(Motion at 14-18.)  Hawaii Forest responds that the contracts are void because

Defendants fraudulently induced it into purchasing the vans by making

misrepresentations regarding the Turtle Top warranty.  (Opp. at 9-10.)

Each Buyer's Order contains two express disclaimers of warranties.

The first page of the Orders states:  "New vehicles sold without any warranty,

express or implied, of merchantability or fitness."  (Davey Concise Statement

Exs. 3-4.)  The second page of each Order similarly states that new vehicles are

"sold subject only to the manufacturer's new vehicle warranty which is expressly

in lieu of all other warranties expressed or implied (including any implied warranty

of merchantability or fitness for a particular purpose and of any other obligations

or liability on the part of either the Manufacturer or Seller)."  (Davey Concise

Statement Exs. 3-4.)  Hawaii Forest's vice president signed both pages,

acknowledging that her signature "is an admission that you have read and understand the disclaimers of warranty." (Davey Concise Statement Exs. 3-4.)

Hawaii Forest argues that Defendants fraudulently induced it into signing the Buyer's Orders, which would void the contracts. (Opp. at 9.) To constitute fraudulent inducement sufficient to invalidate the terms of a contract, there must be (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to its damage. Hawaii Cmty. Fed. Credit Union v. Keka, 94 Haw. 213, 230, 11 P.3d 1, 18 (2000). However, as discussed above with respect to Count I for fraud and misrepresentation, Hawaii Forest presents no evidence establishing that Defendants' representations about the Turtle Top warranty were false. Indeed, the standard Turtle Top warranty applies to the vans it purchased.

Accordingly, in light of the disclaimers of warranties on both Buyer's Orders, and given that there is no evidence showing fraudulent inducement by Defendants, the Court grants summary judgment in their favor on this claim.

E.        Count V:  Regulation of Motor Vehicle Repairs

15

Hawaii Forest does not oppose Defendants' request for summary judgment on Count V. (Opp. at 10.) Summary judgment is therefore granted in Defendants' favor on this claim.

F.          Count VI:  Conversion

Hawaii Forest does not oppose Defendants' request for summary judgment on Count VI. (Opp. at 10.) Summary judgment is therefore granted in Defendants' favor on this claim.

G.          Count VII:  False Advertising

Defendants argue that summary judgment on the false advertising claim is warranted because Hawaii Forest's principals conceded that the advertising materials they received from Defendants did not contain any false representations. (Motion at 20.) Hawaii Forest responds by pointing to advertising material that mentioned a "3-year, 36,000-mile warranty." (Opp. at 10.) Hawaii Forest argues that the material they received implies that the vans would be protected under such a warranty. (Id.)

The Court construes Count VII as asserting a claim under Haw. Rev. Stat. § 708-871.[3] Under that statute, false advertising occurs "if, in connection

---

[3] Count VII of the Complaint references only Haw. Rev. Stat. § 708-800, which contains definitions of various terms. Section 708-871 is a criminal statute for false advertising, under which there is a private right of action. See Haw. Rev. Stat. § 603-23.5 ("Any person, firm, private corporation . . . may maintain an action to enjoin a continuance of any act in violation of

with the promotion of the sale of property or services, the person knowingly or

recklessly makes or causes to be made a false or misleading statement in any

advertisement addressed to the public or to a substantial number of persons."  Haw.

Rev. Stat. § 708-871.

Importantly, Hawaii Forest's president and vice president conceded

during their depositions that none of the documentation they received from

Defendants contained false information.  (Robert Pacheco Depo. at 13, 192-93;

Cynthia Pacheco Depo. at 136).  Further, even assuming the brochures do imply

that the vans would be covered by a "3-year, 36,000-mile warranty," that

information is not false.  As discussed above, the vans are covered by Turtle Top's

standard "3 years or 36,000 miles" warranty.  (Cripe Decl'n ¶ 11; Hawaii Forest

Concise Statement Ex. 1.)  Given Hawaii Forest's concession and absent any

evidence creating a genuine issue of material fact, the Court grants summary

judgment in favor of Defendants on the false advertising claim.

H.          Count VIII:  Joint and Several Liability

Hawaii Forest seeks to hold Defendants jointly and severally liable in

Count VIII.  Joint and several liability is available for the recovery of damages

---

section 708-871 and if injured thereby for recovery of damages.").  Because Hawaii Forest
asserts it was injured by Defendants' alleged false advertising, the Court construes Count VII as
stating a claim under § 708-871.

from joint tortfeasors in actions involving intentional torts.  Haw. Rev. Stat.

§ 663-10.9(2).  As discussed above, however, the Court grants summary judgment

in Defendants' favor on Hawaii Forest's intentional tort claims.  Therefore, joint

and several liability is not available to Hawaii Forest.

I.          Count IX:  Punitive Damages

          Hawaii Forest seeks punitive damages from Defendants in Count IX

of the Complaint.  Such damages may be awarded "where the defendant has acted

wantonly or oppressively or with such malice as implies a spirit of mischief or

criminal indifference to civil obligations; or where there has been some wilful

misconduct or that entire want of care which would raise the presumption of a

conscious indifference to consequences."  Masaki v. Gen. Motors Corp., 71

Haw. 1, 11, 780 P.2d 566, 572 (1989) (internal quotation marks omitted).

However, because summary judgment is granted in Defendants' favor on all of

Hawaii Forest's claims, Hawaii Forest is not entitled to punitive damages.

<u>CONCLUSION</u>

          In light of the foregoing, the Court GRANTS Defendants' Motion For

Summary Judgment.  The only remaining claim in this case is the counterclaim

(Doc. 95) filed by Davey and Davey Coach against Hawaii Forest.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 23, 2009.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Hawaii Forest and Trail, Ltd. v. Tom Davey, et al.; CV. NO. 07-00538 BMK; ORDER
GRANTING DEFENDANTS TOM DAVEY AND DAVEY COACH SALES INC.'S MOTION
FOR SUMMARY JUDGMENT.

19